## Hirsch, Arkin, Pineherst, Inc. v. Sando

*Walter C. Kinzinger*, for plaintiff.
*Edwin B. Barnett*, for defendants.

GREENBERG, *J.*, May 2, 1978—Presently before the court is plaintiff's petition for reconsideration.

We originally entered an order in this case, dated February 23, 1978, granting in part and denying in part, plaintiff's motion for production and inspection of documents.

When plaintiff's motion was before us initially, we granted the motion only as to documents which related to defendants' counterclaim in defamation and denied plaintiff's request as to the documents pertaining to its claims in equity against defendant, F. A. Sando (hereafter Sando) and defendant, F. A. Sando & Associates, Inc. (hereafter Sando & Associates).

In the instant action, plaintiff is claiming, inter alia, that defendant Sando breached his fiduciary duty as an officer and owner of F. A. Sando, Inc. (hereafter Sando, Inc.), that the corporate veil should be pierced in order to hold Sando personally liable for plaintiff's claims, and that Sando & Associates should assume the liabilities of Sando, Inc. as its successor corporation.

Upon reconsideration of the motion, we now believe that plaintiff is entitled to those documents which would aid it in "piercing the corporate veil." It is not necessary for plaintiff first to obtain a verdict and judgment against Sando, Inc. before bringing suit in equity against Sando individually. The law is clear that these claims may be commenced in one action, rather than in two separate actions. See Gebhardt v. N. S. Car Wash Enterprises, Inc., 54 D. & C. 2d 1 (1971); Tasa Coal Company v. Chutz, 58 D. & C. 2d 499 (1972).

Plaintiff in its complaint states a cause of action against Sando when it alleges that he induced it to

enter into a number of subcontracts with Sando, Inc. with respect to various construction projects where Sando fraudulently misrepresented to plaintiff that all funds paid to Sando, Inc. for work performed by plaintiff would be promptly paid directly to plaintiff and not used for any other purpose by Sando, Inc. Plaintiff, in reliance on said promises, performed the work but Sando, Inc. has failed and refused to abide by the aforesaid promise of Sando. Plaintiff also contends that Sando caused Sando, Inc. to become insolvent when he appropriated, misappropriated, directed or distributed assets of Sando, Inc. for his direct or constructive benefit in violation of his fiduciary duty to plaintiff as a creditor of Sando, Inc.

If proven, these allegations are sufficient to permit a jury to impose liability on both the corporation and the individual. Therefore, plaintiff is entitled to any documents which would tend to show the interrelationship of the business, financial and other activities between Sando and Sando, Inc. and we grant its motion as to these documents, entering an order permitting same.

However, we deny the motion as it concerns the production of documents relating to Sando & Associates. There is no allegation in the complaint of any fraud or misrepresentation on the part of Sando & Associates, no reliance thereon on plaintiff's behalf which would entitle plaintiff to sift through the corporate files of Sando & Associates. The naked allegation that one corporation is a successor to an insolvent or defunct corporation is not sufficient to allow such broad-based discovery as plaintiff would have us permit. Accordingly, we deny the motion as to these documents.